## Thiessen et al. v. Moore et al.

*Deeds — Consideration — Parol evidence to contradict recitals — Title by purchase in grantee, when — Alimony decree as deed — Descent of real property.*

1. Parol evidence to contradict the recitation in a deed of certain specific consideration is inadmissible where the only object of such parol evidence is to affect the course of descent.

2. A deed in fee simple from father to son, the consideration clause reciting "for divers good causes and consideration thereunto moving, and especially for the sum of one dollar received to my full satisfaction" is a deed of purchase and the title acquired by the son under such deed came by purchase.

3. In a divorce proceeding the decree as to alimony directed that the husband convey by good and sufficient deed certain described real property to his wife, for her life, and the fee to their children, reserving in himself a life estate, and provided that in case the husband failed to make such deed the decree should operate as a conveyance. The husband having died without executing the deed, the decree was recorded in the recorder's office. *Held:* That the title acquired by the children by such decree was by purchase, within the meaning of the laws of descent and distribution.

(Decided May 12, 1921.)

Appeal: Court of Appeals for Lorain county.

*Mr. J. H. Saltsman,* for plaintiffs.
*Mr. F. M. Stevens,* for defendants.

Washburn, P. J. The matter is before the court on appeal. Except as to whether or not one dollar was paid as a consideration for a certain deed, there is no dispute as to the facts.

In November, 1893, Henry Moore was a widower with three children, who were all of age, and he then owned the real estate involved in this ac-

tion, together with other real estate, and also personal property.

His three children by such first marriage, and their representatives, are the plaintiffs in this action.

In November, 1893, he married Ida C. Moore, and there were born of this second marriage Erma, Harold, Henry, Jr. (all of whom are of age), and Wilbur, who was born March 5, 1900, and died intestate, unmarried, and without issue, on January 17, 1918. Said second wife and the surviving children of the second marriage are the defendants in this action.

After this second marriage, in March, 1894, said Henry Moore, his second wife joining therein, executed and delivered to Asa Moore, one of the plaintiffs, a child by the first marriage, a deed for $7\frac{1}{2}$ acres of land which Henry Moore owned at the time of the second marriage, and at the same time Asa Moore gave to Henry Moore a quitclaim deed, by which he attempted to release and quitclaim all of his right and title as heir of Henry Moore in the remaining property, real or personal, which Henry Moore then had or might thereafter acquire.

In April, 1896, Henry Moore, his second wife joining therein, deeded to Henrietta Thiessen, one of the plaintiffs, and a child by the first marriage, $8\frac{1}{2}$ acres of land, which he owned at the time of said second marriage, and she also gave to her father, Henry Moore, a quitclaim deed by which she attempted to quitclaim and release all her right and title as heir of her father in the remaining property, real or personal, which he then had or might thereafter acquire.

There was no such deed from the third child by the first marriage.

Several years later, and after the birth of the four children of the second marriage, the second wife, Ida C. Moore, sued Henry Moore for divorce and alimony. At that time Henry Moore owned a parcel of land known as the "two-acre tract," which was valuable lake-front property, and also a 54-acre tract, both of which are involved in this suit.

That divorce suit was settled by Henry Moore's deeding the 54-acre tract to his second wife, Ida C. Moore, and the four children of the second marriage, reserving a life estate for himself. That deed contained the following:

"The conveyance made to Ida C. Moore is a life estate in said premises, subject to the life estate hereinafter reserved to grantor. Subject to the life estate hereinafter reserved to grantor and the life estate conveyed to Ida C. Moore, the above described premises are hereby conveyed to said Erma Moore, Harold Moore, Henry Moore and Wilbur Moore, and any other children that may be born of their marriage to each other, in fee simple."

There were no other children born.

In the agreement which Henry Moore and Ida C. Moore signed at the time the divorce case was settled and the deed made, there was a provision that if it should become necessary to sell all or any portion of the two-acre tract, for the purpose of supporting and maintaining themselves and their children, the wife agreed to execute deeds therefor releasing her dower therein.

That agreement provided also that the parties should return to their home and live together as man and wife, and "faithfully keep and perform all their marital duties towards each other," but four years later Ida C. Moore again sued Henry Moore for divorce and alimony.

In this second suit, the alimony settlement of the first suit was pleaded.

The second suit resulted in a decree of divorce granted to the wife for the aggressions of Henry Moore, and the decree as to alimony provided, in reference to said two-acre tract, that Henry Moore should "convey by good and sufficient deed, the real estate above described, to plaintiff for her natural life, and the fee of said real estate to said children (referring to the four children by the second marriage), absolutely, reserving in himself the use and possession and control of said property for his natural lifetime."

The decree also provided that on his failure to make the deed, the decree should operate as such conveyance. Henry Moore died in 1910 without having made said deed, but such decree was recorded in the recorder's office. Henry Moore left a will giving one dollar each to his three children by his first marriage, and leaving the balance of his property, without describing it in any way, to a trustee "for the benefit of Wilbur Moore, my youngest son by my second wife, and to place at his disposal when he reaches the age of twenty-one," but he had no property at that time, unless it was the two-acre tract of land. An administrator of his estate was appointed, but nothing whatever

was done in reference to carrying out the terms of the will.

At the time of the decree of the court as to the two-acre tract, and at the time of the execution, delivery and recording of the deed of the 54-acre tract above mentioned, Wilbur Moore was living, and the title remained in that condition until he died intestate, unmarried and without issue.

The claim of the children by the first marriage as to the 54-acre tract is that Wilbur Moore acquired a one-fourth interest therein not by purchase but by deed of gift from the father, and that upon the death of Wilbur, his interest descended under Section 8573, General Code, to the brothers and sisters of the whole and half blood, and that therefore they are part owners of said interest, while the defendants claim that it descended under Section 8574, General Code, to the brothers and sisters of the whole blood, and that therefore plaintiffs have no interest therein.

The deed in question was executed and delivered under the circumstances above set forth in settlement of the divorce proceedings brought by the mother of Wilbur against the grantor in the deed, the father of Wilbur.

The consideration recited in the deed is as follows:

"For divers good causes and consideration thereunto moving, and especially for the sum of one dollar received to my full satisfaction of Ida C. Moore, Erma Moore, Harold Moore, Henry Moore, Wilbur Moore, and any child the fruit of the present marriage relation between Henry Moore and Ida C. Moore hereinafter born, the grantees," etc.

The only disputed question of fact is as to whether or not one dollar was actually paid.

The deed recites that it was paid by several, one of whom was Wilbur. In a case like this where the only object of parol evidence on the subject of consideration is to affect the course of descent, parol testimony is not competent to show that that which the deed recites was done was not in fact done.

The deed states that the grantor has "Given, granted, remised, released and forever quitclaimed," and does "absolutely give, grant, remise, release and forever quitclaim unto the grantees, the several interests hereinafter stated, their heirs and assigns forever," and that the premises, subject to life estates, are "hereby conveyed to * * * Wilbur Moore * * * in fee simple."

These are the operative words of conveyance of the deed, and the consideration expressed therefor in the deed is "divers good causes and consideration thereunto moving, and especially for the sum of one dollar received to my full satisfaction of * * * Wilbur Moore."

The consideration so expressed cannot be denied by parol evidence for the purpose of changing the line of descent. *Groves* v. *Groves,* 65 Ohio St., 442; *Patterson* v. *Lamson,* 45 Ohio St., 77; *Brown* v. *Whaley,* 58 Ohio St., 654; *Cowden* v. *Cowden,* 28 C. C., 71, and *Shehy* v. *Cunningham,* 81 Ohio St., 289.

The syllabus in the *Shehy case, supra,* is as follows:

30

"The consideration clause in a deed of convey-ance is conclusive for the purpose of giving effect to the operative words of the deed, but for every other purpose it is open to explanation by parol proof and is *prima facie* evidence only of the amount, kind and receipt of the consideration."

The syllabus in the *Brown case, supra,* is as follows:

"A deed of real estate from a father and mother to their daughter, 'in consideration of our love and affection for our daughter, and in consideration of the dutiful obedience and faithful services to us of our daughter and in further consideration of one dollar to us in hand paid by our said daughter,' is not a deed of gift, and the title acquired under such deed came to the daughter not by deed of gift but by purchase."

Our conclusion is that Wilbur Moore received his interest in the 54-acre tract by deed of purchase, and that upon his death it descended to his brothers and sisters of the whole blood, and that plaintiffs have no interest therein.

As to the two-acre tract, the claim is that the court's order in the divorce decree, transferring the title thereof to Wilbur Moore and his brothers and sisters, was a nullity, and that the two-acre tract remained the property of Henry Moore and passed by his will to Wilbur Moore, and on his death to his brothers and sisters of the half as well as the whole blood, and that therefore plaintiffs have an interest therein.

We see no sound basis for the contention that the decree of the court can, at the behest of the plain-

tiffs in this action, be declared to be void and of no effect.

The court clearly had jurisdiction of the persons and the property involved in that suit. It clearly had the right to give this property to Ida C. Moore or permit Henry Moore to keep it. The court decreed that Henry Moore should convey the title, but should have a life use of the property, paying Ida C. Moore a certain sum per month, and then gave it to the wife for the support of the children; but for the very evident purpose of safeguarding the interest of the children the court decreed that Ida C. Moore should have the life use and the children the fee.

Under the statute the court had power to "make such order for the * * * care and maintenance of the children * * * as is just."

Who can complain of that order except the parties to the suit, who were the owners of the property and the parents of the children? Ida C. Moore, a party to that suit and a party to this suit, is not complaining. Henry Moore, the other party to that suit, appealed the case to the circuit court, and then dismissed his appeal, and subsequently, in order to convey a part of the two-acre tract, had himself appointed guardian of the minor children and obtained authority from the probate court to make such conveyance. The wisdom of the order made by the court is apparent; all of the children are of age, and one of them is now twenty-seven years of age, and they still have the property.

The proposition that a court is without power to make a provision so manifestly for the best inter-

ests of the children, and that the attempt to make such provision is so absolutely void that persons not parties to the suit and not having any interest in the property, can, years later, treat it as a nullity, and in a collateral proceeding have it declared void, is of course without support in reported cases, and none has been cited. We know that similar decrees have been made. No cases are cited which deny the power of the court to thus safeguard the interests of young children, and no satisfactory reasons have been advanced why we should so hold. We think that the court had such authority in this case, and that in any event its order was not an absolute nullity, and that the plaintiffs, so far as this suit is concerned, are bound thereby.

If the decree is valid, it seems plain that the title which Wilbur Moore received thereby was not acquired by descent, devise or deed of gift, and, if not, the title came by purchase, within the meaning of the laws of descent and distribution.

In order for an estate to be ancestral, it must come directly from an ancestor without consideration other than blood; if it comes otherwise, it is not an ancestral estate.

"By *ancestral property,* then, is meant that realty which came to the intestate from his ancestor, *in consideration of blood,* and without a pecuniary equivalent, and which must have come either by descent or devise from a now dead ancestor, or by deed of actual gift from a living one." Walker's American Law (11 ed.), 409.

We hold that the transfer of the title to the two-acre tract to said children by order of the court was

not an actual gift from Henry Moore, and that therefore plaintiffs have no interest therein.

A decree may be drawn dismissing the plaintiffs' petition at their costs and quieting title in defendants.

*Decree accordingly.*

VICKERY and INGERSOLL, JJ., concur.